June 3, 1993 [NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-2111

FELIX M. PEREZ-VELAZQUEZ,

Plaintiff, Appellant,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Raymond L. Acosta, U.S. District Judge]

Before

Selya, Cyr and Boudin,
Circuit Judges.

Edgardo Jimenez Calderin and Juan A. Hernandez Rivera on

brief for appellant.
Daniel F. Lopez Romo, United States Attorney, Jose Vazquez

Garcia, Assistant United States Attorney, and Joseph E. Dunn,

Assistant Regional Attorney, Office of the General Counsel, Dept.
of Health & Human Services, on brief for appellee.

Per Curiam. We conclude that the ALJ erred in

determining that claimant had the residual functional

capacity (RFC) to perform the full range of sedentary work.

We explain briefly.

Claimant fractured his right ulna in 1986. As a result

of this fracture, the ALJ found, claimant's arm movement is

restricted; he cannot pronate (rotate downwards) or supinate

(rotate upwards) the right lower forearm, lifting is

restricted to ten pounds, and claimant cannot perform past

janitorial work. Despite the pronation and supination

restrictions, however, the ALJ applied Grid rule 201.23

(younger individual, illiterate, previous unskilled work

experience, RFC for sedentary work), which directed a finding

of not disabled, to conclude that jobs exist in the economy

commensurate with claimant's RFC.

As we have explained, the Secretary can not discharge

her burden at step five of the sequential evaluation process

by relying on the Grid when a nonexertional impairment

significantly affects a claimant's vocational functioning:

[T]he Grid is "predicated on an
individual's having an impairment which
manifests itself by limitations in
meeting the strength requirements of

jobs...." 20 C.F.R. Part. 404, Subpart
P, App. 2, 200.00(e) (1988) (emphasis
added). Accordingly, where a claimant
has one or more non-strength limitations,
"the Guidelines do not accurately reflect
what jobs would or would not be
available." Gagnon v. Secretary of Health

and Human Services, 666 F.3d 662, 665 n.6

-2-

(1st Cir. 1981). In cases where a
nonexertional impairment "significantly
affects claimant's ability to perform the
full range of jobs" he is otherwise
exertionally capable of performing, Lugo,

794 F.2d at 17, "the Secretary must carry
his burden of proving the availability of
jobs in the national economy by other
means," Gagnon, 666 F.2d at 666 n.6,

typically through the use of a vocational
expert. On the other hand, should a
nonexertional limitation be found to
impose no significant restriction on the
range of work a claimant is exertionally
able to perform, reliance on the Grid
remains appropriate.

Ortiz v. Secretary of Health and Human Services, 890 F.2d

520, 524 (1st Cir. 1989). Ortiz qualifies this restriction

on the Grid's use in cases where a significant non-strength

impairment exists but there is a basis for concluding that

its effect is only to reduce the occupational base

"marginally," id., but there is no evidence or inference of

that kind in this case.

There was evidence of the following. Claimant was

examined in May 1989 by Dr. Rodriguez at the request of the

disability determination program. Dr. Rodriguez noted that

claimant's right forearm was held in a position "with no

pronation, nor supination possible suggestive of a bony union

between the radius and ulna," but he did not explain what

effect this had on claimant's functioning. Two nonexamining

doctors, however, did touch on the matter. Both checked off

the "limited" boxes on RFC forms on reaching, handling, and

-3-

fingering. One wrote that these restrictions were

"moderate." The other said they were "moderate to severe."

The Secretary's own regulations and rulings indicate

that reaching, handling, and fingering limitations well may

significantly narrow the occupational base. Reaching and

handling, the Secretary has said, "are activities required in

almost all jobs. Significant limitations of reaching or

handling . . . may eliminate a large number of occupations a

person could otherwise do." SSR 85-15. Fingering "is needed

to perform most unskilled sedentary jobs." Id. And

"bilateral manual dexterity is necessary for the performance

of substantially all unskilled sedentary occupations." SSR

83-14; 20 CFR Pt. 404, Subpart P, App. 2, 201.00(h).

Here, where the only doctors to address the matter have

said that claimant's reaching, handling, and fingering

limitations are "moderate" or "moderate to severe" in degree,

the ALJ may not permissibly ignore their opinions, assert

without explanation that claimant can perform a full range of

sedentary work, and apply the Grid without further

explanation. Consequently, a remand is needed for further

proceedings. See Heggarty v. Sullivan, 947 F.2d 990, 996-97

(1st Cir. 1991) (where uncontradicted medical evidence

indicated claimant's manual dexterity was limited, the ALJ's

conclusion that claimant retained the capacity to perform the

-4-

full range of sedentary work was not supported by substantial

evidence and a remand for vocational evidence was required).

There is evidence in the record of the report of a

vocational specialist who did not testify, indicating that

there were at least a few "light work" jobs that could be

performed by one of claimant's age and educational

qualifications. Whether the vocational specialist

appreciated claimant's exertional limitations as well is

unclear. Whether the light work jobs specified were

available in the national economy, in accordance with the

statutory test, was not stated. 42 U.S.C. 423(d)(2)(A)

(jobs claimant is capable of performing must exist "in

significant numbers either in the region where [claimant]

lives or in several regions of the country"). In any event,

the ALJ did not refer to vocational evidence at all, relying

instead solely upon the Grid, and we cannot rehabilitate the

decision based on this evidence. Cf. Securities & Exchange

Comm. v. Chenery Corp., 318 U.S. 80, 93-95 (1943).

Accordingly, a remand is required for further

proceedings, which may well require the consideration of

expert vocational evidence. We decline claimant's request

for a determination that claimant is entitled to benefits as

a matter of law. We have considered claimant's other

arguments, including his challenge to the ALJ's pain

-5-

findings, but find them without merit for the reasons stated

in the magistrate-judge's July 16, 1992 report.

The judgment of the district court is vacated and the

case is remanded with directions to remand to the Secretary

for further proceedings.

-6-